BOARD OF EDUCATION OF THE TOWN OF
EAST HAVEN *v.* EAST HAVEN
EDUCATION ASSOCIATION
(AC 20859)

Lavery, C. J., and Landau and Peters, Js.

Argued June 5—officially released October 16, 2001

*Christopher M. Hodgson,* for the appellant (plaintiff).

*Ronald Cordilico,* for the appellee (defendant).

*Opinion*

PETERS, J. Our Supreme Court has recently reviewed the principles governing arbitration, including the purpose of the arbitration process, the role of the arbitrator and the scope of judicial review of arbitral awards. See *South Windsor* v. *South Windsor Police Union Local*

*1480, Council 15,* 255 Conn. 800, 770 A.2d 14 (2001). In this case of first impression, we must determine how best to apply those principles to resolve an issue concerning the scope of a trial court's remedial authority after an arbitral award has been vacated. General Statutes § 52-418 (b).[1] It is undisputed that the arbitral award was vacated, not for corruption, partiality or bias, but because the arbitrator exceeded the arbitral authority granted by the submission to arbitration of a collective bargaining agreement and failed to decide the appropriate remedy. Once an award has been vacated for such a reason, § 52-418 (b) authorizes a trial court to order a rehearing.[2] The principal question before us is whether the court may direct the rehearing to be held before the original arbitrator rather than a new arbitrator. A secondary question is whether the rehearing contemplated by the statute must always be a hearing de novo. We are persuaded that the trial court did not abuse its discretion in either part of its remand order. Accordingly, we affirm the judgment of the court, which remanded the case to the original arbitrator without instruction about the evidence that might be presented at the rehearing.

I

FACTUAL AND PROCEDURAL HISTORY

The plaintiff, the East Haven board of education (board), and the defendant, the East Haven Education Association (association),[3] are parties to a collective

---

[1] General Statutes § 52-418 (b) provides in relevant part: "Notwithstanding the time within which the award is required to be rendered, if an award issued pursuant to a grievance taken under a collective bargaining agreement is vacated the court or judge shall direct a rehearing unless either party affirmatively pleads and the court or judge determines that there is no issue in dispute."

[2] Under the circumstances, a motion to correct would have been inappropriate. See General Statutes § 52-419.

[3] For collective bargaining purposes, the association represents public school teachers in the town of East Haven.

bargaining agreement that provides grievance procedures and permits arbitration of disputes.[4] The parties disagreed about the effect on the teachers' workload of a "block schedule" for a designated school year.[5] Because the parties were unable to resolve the dispute through the stipulated grievance procedures, they submitted their disagreement to an arbitrator. The arbitrator ruled in favor of the association. Pursuant to § 52-418 (b), the board brought an action challenging the validity of this arbitration award.

After reviewing the arbitral award, the court accepted the view of both parties that, pursuant to § 52-418 (a) (4),[6] the arbitral award should be vacated because it was defective in two respects. First, the arbitrator exceeded her powers by deciding that the board's actions violated the collective bargaining agreement without restricting her award[7] to the submit-

---

[4] The collective bargaining agreement was binding on the parties from September 1, 1997, to August 31, 2000.

[5] The arbitrator found that the "block schedule" divided the school day into four blocks and required each teacher to instruct students "three of the four blocks on half days of the semester and two of four on the other days." Prior to the implementation of the block schedule and the practice contemplated by the collective bargaining agreement, the teaching day was divided into seven periods. Each teacher was required to teach five periods, was allocated one period for classroom preparation and was required to work one "duty" period.

[6] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[7] The arbitrator's award stated: "The block schedule as it was implemented in 1998-1999 and 1999-2000 did violate . . . the collective bargaining agreement."

ted issue, which was limited to the board's actions in the designated school year.[8] Second, the arbitrator's award was not mutual, final or definite because the arbitrator ordered no specific remedy and instead instructed the parties to negotiate their own remedy.[9] Having decided that a vacatur was required by § 52-418 (b), the court remanded the matter to the original arbitrator for further proceedings. The court order, furthermore, conferred upon the arbitrator the discretion to decide whether to receive "substantial new submissions" during the course of the rehearing.

The board has appealed from the court's order vacating the award and remanding the matter to the original arbitrator. The board claims that § 52-418 (b) requires the court, upon vacating an arbitration award, to order a de novo hearing before a new arbitrator. To the contrary, the association asserts that § 52-418 (b) affords discretion to the court to determine whether the rehearing should be held before the original arbitrator or a new arbitrator and that the court did not abuse its discretion in the present case by ordering a rehearing before the original arbitrator. This appeal turns, therefore, on the proper construction of § 52-418 (b). We agree with the construction proffered by the association and affirm the judgment of the court.

The standard for appellate review of a matter of statutory construction is well established. "Statutory construction is a question of law and therefore our review is plenary. . . . [O]ur fundamental objective is to ascertain and give effect to the apparent intent of the

---

[8] The following issue was submitted to the arbitrator: "Did the East Haven Board of Education violate the 1997-2000 collective bargaining agreement by requiring teachers in the high school to teach in a block schedule during the 1998-1999 school year? If so, what shall be the remedy?"

[9] The arbitrator's award stated: "The parties will negotiate a remedy based on the discussion below. I retain jurisdiction for 90 days to resolve any dispute with regard to the remedy."

legislature. . . . In seeking to discern that intent, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . [A] statute is to be considered as a whole, with a view toward reconciling its separate parts in order to render an overall reasonable interpretation . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *AFSCME, Council 4, Local 1565*, 249 Conn. 474, 478–79, 732 A.2d 762 (1999).

## II

### THE LAW OF ARBITRATION

We undertake the construction of § 52-418 (b) with the understanding that the law in this state takes a strongly affirmative view of consensual arbitration. Arbitration is "a favored procedure in this state." *Waterbury Teachers Assn.* v. *Waterbury*, 164 Conn. 426, 434, 324 A.2d 267 (1973). "Early in our judicial history we expressed the view that, since arbitration is designed to prevent litigation, it commands much favor from the law. . . . Especially is it to be encouraged as a means of promoting tranquility and the prompt and equitable settlement of disputes in the field of labor relations." (Citations omitted.) *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 612–13, 109 A.2d 240 (1954), cert. denied, 348 U.S. 959, 75 S. Ct. 449, 99 L. Ed. 748 (1955). We have recognized the "public policy favoring arbitration which is intended to avoid the formalities, delay, expense and vexation of ordinary litigation." *Bridgeport* v. *Bridgeport Police Local 1159*, 183 Conn. 102, 107, 438 A.2d 1171 (1981).

As a consequence of our approval of arbitral proceedings, our courts generally have deferred to the award that the arbitrator found to be appropriate. "[A]rbitra-

tion is the favored means of settling differences and arbitration awards are generally upheld unless an award clearly falls within the proscriptions of § 52-418 of the General Statutes." (Internal quotation marks omitted.) *State* v. *AFSCME, Council 4, Local 387, AFL-CIO*, 252 Conn. 467, 473, 747 A.2d 480 (2000); *Garrity* v. *McCaskey*, 223 Conn. 1, 4–5, 612 A.2d 742 (1992); *Board of Education* v. *Local 818*, 5 Conn. App. 636, 639, 502 A.2d 426 (1985).

Despite the general rule counseling deference to arbitral awards, § 52-418 (a)[10] lists circumstances under which vacatur of an award is required. One such circumstance is an award that is not "mutual, final or definite." General Statutes § 52-418 (a) (4); *Schoonmaker* v. *Cummings & Lockwood of Connecticut, P.C.*, 252 Conn. 416, 427–28, 747 A.2d 1017 (2000); *Garrity* v. *McCaskey*, supra, 223 Conn. 6. It is undisputed that the court in this case properly vacated the award.

### III

### APPEALABILITY

Before considering the merits of the board's appeal under § 52-418 (b), we must determine whether we have jurisdiction to hear this appeal. That determination turns on whether the court's order of remand was a final judgment. The association argues that we have no jurisdiction because of the common-law rule that an order is not a final judgment if it neither "terminates a separate and distinct proceeding" nor "so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). The board argues, however, that *Curcio*'s common-law rule is superseded in this case by General Statutes § 52-423,[11] which establishes a statutory right

---

[10] See footnote 6.

[11] General Statutes § 52-423 provides: "An appeal may be taken from an order confirming, vacating, modifying or correcting an award, or from a judgment or decree upon an award, as in ordinary civil actions."

of appeal "from an order confirming, vacating, modifying or correcting an award, or from a judgment or decree upon an award, as in ordinary civil actions." We agree with the board.

In several cases, § 52-423 has been recognized as the authoritative source of law concerning appellate jurisdiction to consider the merits of arbitration appeals. See *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.*, 223 Conn. 761, 774, 613 A.2d 1320 (1992); *Kolenberg* v. *Board of Education*, 206 Conn. 113, 122–23, 536 A.2d 577 (1988). The association has offered no argument for its inapplicability here. We are persuaded that the statute rather than the common law governs the appealability of a judicial decree ordering a remand for further arbitral proceedings. Accordingly, we conclude that this appeal is properly before us.

## IV

## THE MERITS OF THE BOARD'S APPEAL

The board's appeal raises four principal issues. First, the board claims that, after an arbitral award has been vacated and a rehearing is necessary, § 52-418 (b) requires a trial court to remand the matter to a new arbitrator. Second, the board claims that the designation of an arbitrator on remand is governed by General Statutes § 51-183c.[12] Third, the board maintains that even if the statute vests discretion in the trial court to direct a remand either to the original arbitrator or a new arbitrator, the court's order in this case was an abuse of its discretion. Fourth, even if direction of the rehearing to the original arbitrator was permissible, the court abused its discretion by permitting the original

---

[12] General Statutes § 51-183c provides: "No judge of any court who tried a case without a jury in which a new trial is granted, or in which the judgment is reversed by the Supreme Court, may again try the case. No judge of any court who presided over any jury trial, either in a civil or criminal case, in which a new trial is granted, may again preside at the trial of the case."

arbitrator to decide whether the board should be permitted to supplement the record with new evidence. We disagree with each of the board's claims of impropriety.

A

Applicability of General Statutes § 52-418 (b)

The statutory provision that is the centerpiece of the board's appeal is § 52-418 (b).[13] Implementing a decision for vacatur rendered under § 52-418 (a), § 52-418 (b) requires an arbitral rehearing to correct the defective award. Section 52-418 (b) provides in relevant part that "[n]otwithstanding the time within which the award is required to be rendered, if an award issued pursuant to a grievance taken under a collective bargaining agreement is vacated the court or judge shall direct a rehearing . . . ." On its face, the statute provides no guidance on the scope of the court's authority to "direct [the] rehearing."

In light of this statutory lacuna, the court, after vacating the award on grounds unrelated to any claim of arbitral misfeasance, concluded that it had discretion to decide whether to remand the case to the original arbitrator or to a new arbitrator. The court designated the original arbitrator. The court also ruled that the original arbitrator was the proper person to determine whether there was a necessity for substantial new submissions or an evidentiary rehearing.

The board challenges the court's order of remand on two grounds. It argues that the legislative history of § 52-418 (b) demonstrates that (1) the legislature did not intend to permit a remand to the original arbitrator and (2) the applicable statutes require any rehearing on remand to be de novo. We are unpersuaded.

The arguments of the parties center on the 1997 amendment of § 52-418 (b), which, for the first time,

---

[13] See footnote 1.

provided for remands after the vacation of arbitral awards that were not time constrained. See Public Acts 1997, No. 97-134. Prior to the 1997 amendment, General Statutes (Rev. to 1997) § 52-418 (b) provided: "If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

The earlier language of § 52-418 (b), in the view of our Supreme Court, did not permit any remand to an arbitrator after the expiration of the time within which the award was required to have been rendered. See *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 591 A.2d 101 (1991); *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 512, 588 A.2d 138 (1991). We agree with the association that the 1997 amendment was a legislative response to those holdings.[14] The legislature chose to make a rehearing mandatory for arbitral awards pursuant to a collective bargaining agreement, irrespective of the time within which the award was required to have been rendered.[15] In so doing, the legisla-

---

[14] Public Acts 1997, No. 97-134, provides in relevant part: "Notwithstanding the time within which the award is required to be rendered, if an award issued pursuant to a grievance taken under a collective bargaining agreement is vacated the court or judge shall direct a rehearing . . . ."

[15] Representative Christopher G. Donovan stated: "[I]f the arbitrator has not rendered his or her decision within the scheduled time line, the judge does not have the ability to order a rehearing. [The amendment] would require the judge to order a rehearing. Right now the judge may not order a rehearing if the time-line—which the arbitrator may have violated him or herself—to order a rehearing [has expired]." 40 H.R. Proc., Pt. 11, 1997 Sess., p. 4143. Likewise, on the Senate floor, Senator Edith G. Prague stated: "[The amendment] requires, instead of merely allowing a judge or a court to order a grievance brought under a collective bargaining agreement, to be reheard, whenever an arbitration award resolving the grievance is vacated . . . ." 40 S. Proc., Pt. 7, 1997 Sess., p. 2304. Testimony in front of the Joint Standing Committee on Labor and Public Employees included: "We recommend that [§ 52-418 (b)] be amended to require that even if the case involves a vacation of an award because the arbitration award was rendered late, it should be remanded back. . . . [T]he grievant should not lose his or her day before an arbitrator merely because an arbitrator was late in rendering an award." Conn. Joint Standing Committee Hearings, Labor and Public Employees, Pt. 3, 1997 Sess., p. 690, testimony of Peter Thor of the

ture did not manifest any intent to require a court, after vacatur, to remand an award for a new hearing by a new arbitrator.

The association urges us to interpret the 1997 amendment with deference to our Supreme Court's decision in *State v. AFSCME, Council 4, Local 1565*, supra, 249 Conn. 474. Concededly, that court's comments about the scope of the amendment are dicta because the case actually was decided on the basis of § 52-418 (b) as it existed prior to 1997.

Nonetheless, in *State v. AFSCME, Council 4, Local 1565*, supra, 249 Conn. 474, our Supreme Court stated that, upon the vacatur of an award pursuant to General Statutes (Rev. to 1997) § 52-418 (b),[16] the court has discretion to remand the case either to the original

American Federation of State, County and Municipal Employees.

The board argues that a portion of Representative Donovan's statement supports its contrary reading of the 1997 amendment so as to require a new arbitration before a new arbitrator. Representative Donovan stated that "it will be a new arbitration so as with any hearing, evidence can be brought forward to the arbitrator, the new arbitrator in this case." 40 H.R. Proc., supra, p. 4137. As the board concedes, Representative Donovan made this statement in response to a question about the discretion of an arbitrator, after remand, to hear new evidence during the rehearing. Elsewhere, Representative Donovan referred to the amendment as a "cleaning up of the technical language." Id., p. 4135. It would be surprising to equate "technical language" with a statutory revision of those authorized to conduct an arbitral rehearing.

Finally, the proceedings in the Senate, where the bill originated, do not support the inference that the legislature intended to change the law so as to require a remand to a new arbitrator. The sparse legislative history of the amendment, which apparently was never fully discussed in the Senate, makes it unlikely that the legislature intended to enact a change of substance, rather than a change that was technical. Moreover, Senator Prague described the amendment as merely clarifying "some technical issues . . . that need to be addressed"; 40 S. Proc., supra, p. 2305; and as a "very technical kind of Amendment that just clarifies the appeals process when a grievance has been vacated by a judge." Id., p. 2306.

[16] General Statutes (Rev. to 1997) § 52-418 (b) provides: "If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

arbitrator or to a new arbitrator. The court observed that "[t]he plain language of the statute does not mandate a rehearing before the original arbitrator when an award is vacated and the time within which to render an award has not expired. . . . A reading of the entire statute and its purpose also leads to the conclusion that, although it is within the discretion of the trial court to decide whether to submit the issues to the initial arbitrator, the court may also refer the matter to a new arbitrator." (Citations omitted.) *State* v. *AFSCME, Council 4, Local 1565*, supra, 479. The court warned, however, that, under some circumstances, a remand to the original arbitrator would not be prudent because the injured party would be at risk of not obtaining meaningful relief. "Corruption, partiality or bias on the part of the original arbitrator would, by any common sense reading of the statute, require a hearing before a new arbitrator." Id.;[17] see also I. MacNeil & R. Speidel, Federal Arbitration Law (1999) § 42.2.3, p. 42.9. Nothing has been alleged in this case that would trigger those cautionary precepts.

The board, nevertheless, would have us limit our Supreme Court's construction of the amendment in *State* v. *AFSCME, Council 4, Local 1565*, supra, 249 Conn. 474, by making a distinction between the first and the second sentences of § 52-418 (b). Although the language of the first sentence is permissive and therefore supports a court's exercise of discretion, as the Supreme Court held, the language of the second sentence, according to the board, is directory and mandates a de novo hearing before a new arbitrator. The board

---

[17] See also *Hyman* v. *Pottberg's Executors*, 101 F.2d 262, 266 (2d Cir. 1939), in which Judge Learned Hand stated that "a court may in its discretion refer back a matter to the original arbitrators after vacating their award; but obviously that would not be proper when the first award is vacated because of fraud or partiality; the arbitrators would then have shown themselves to be unfit to be judges, and it would be a clear abuse of discretion to trust them further."

cites no authority for this strained construction. The analysis in *State* v. *AFSCME, Council 4, Local 1565*, supra, 474, looks the other way. The text of the statute does not require such a remand in the absence of misfeasance by the arbitrator. Under the circumstances of this case, we are unprepared to assume that the legislature silently intended to preclude a court from exercising its discretion to order a remand to the original arbitrator.[18] A contrary assumption would be inconsistent with the rule of statutory construction that presumes that "the legislature intends to accomplish a reasonable and rational result rather than a difficult and possibly bizarre one." (Internal quotation marks omitted.) *State* v. *Burns*, 236 Conn. 18, 27, 670 A.2d 851 (1996).

The purpose and design of the arbitration process supports our conclusion that the language in § 52-418 (b) pertaining to the vacatur of arbitration awards pursuant to collective bargaining agreements does not mandate a rehearing before a new arbitrator. Vesting discretion in the trial court is consistent with the principle that arbitration is "intended to avoid the formalities, delay, expense and vexation of ordinary litigation." *Bridgeport* v. *Bridgeport Police Local 1159*, supra, 183 Conn. 107. Moreover, "[r]emanding [a grievance] to the arbitrators who originally heard the dispute promotes the speedy resolution of disputes which the arbitration process seeks to encourage." *Metropolitan Airports Commission* v. *Metropolitan Airports Police Federation*, 443 N.W.2d 519, 525 (Minn. 1989).[19]

---

[18] Because the 1997 amendment was enacted prior to our Supreme Court's interpretation of the phrase "rehearing by the arbitrators" in *State* v. *AFSCME, Council 4, Local 1565*, supra, 249 Conn. 474, the legislature could not have omitted that language from the amendment in a purposeful attempt to give a different meaning to the second sentence then that subsequently was offered by our Supreme Court.

[19] For similar holdings in other state courts, see *Fox* v. *Morris County Policemen's Assn.*, 266 N.J. Super. 501, 520–21, 630 A.2d 318 (App. Div. 1993), cert. denied, 137 N.J. 311, 645 A.2d 140 (1994); *East Ramapo Central School District* v. *East Ramapo Teachers Assn.*, 108 App. Div. 2d 717, 484 N.Y.S.2d 882 (1985). Federal case law is to the same effect. See, e.g., *Aircraft*

For all the reasons discussed, we are unpersuaded that § 52-418 (b) as amended, in the absence of evidence of corruption, partiality or bias on the part of the arbitrator, requires a rehearing before a new arbitrator. Neither the language of the statute nor its legislative history furnishes persuasive evidence to the contrary. The exercise of discretion by the court is consistent with the policy that arbitration orders should seek to avoid undue delay and undue expenses in the arbitral process. We concur in our Supreme Court's observation in *State v. AFSCME, Council 4, Local 1565*, supra, 249 Conn. 482, that "[t]here may be circumstances in which the trial court might recognize the potential for a conflict if the rehearing were to take place before the original arbitrator, even in cases in which no additional evidence may be required. The exercise of sound discretion by the trial court gives the party seeking to vacate the award meaningful and complete relief. Our resolution of this issue leaves the trial court with the power to effect fully the purposes of § 52-418."

B

Applicability of General Statutes § 51-183c
to the Remand of Arbitration Awards

The board contends that this court should apply the policy embodied in § 51-183c[20] to arbitration proceedings. Section 51-183c prohibits a judge who tries or presides over a case in which a new trial is granted from retrying the case or presiding over the retrial. Our Supreme Court was confronted with exactly this argument in *State v. AFSCME, Council 4, Local 1565*,

*Braking Systems Corp.* v. *Local 856, International Union, United Automobile, Aerospace & Agricultural Implement Workers, UAW*, 97 F.3d 155, 162 (6th Cir. 1996), cert. denied, 520 U.S. 1143, 117 S. Ct. 1311, 137 L. Ed. 2d 475 (1997); *Randall* v. *Lodge No. 1076, International Assn. of Machinists & Aerospace Workers, AFL-CIO*, 648 F.2d 462 (7th Cir. 1981); see I. MacNeil & R. Speidel, supra, § 42.2.3, p. 42.9.

[20] See footnote 12.

supra, 249 Conn. 480. In dismissing the argument, the court stated, and we agree, that "§ 51-183c, by its plain terms, applies only to judges. No similar provision has been enacted to apply to arbitrators." Id. Furthermore, we have narrowly construed § 51-183c "to apply solely to trials and not to all types of adversarial proceedings." *Lafayette Bank & Trust Co.* v. *Szentkuti*, 27 Conn. App. 15, 21, 603 A.2d 1215, cert. denied, 222 Conn. 901, 606 A.2d 1327 (1992). Section 51-183c does not apply to pretrial or short calendar proceedings. Id. Accordingly, we are unwilling to extend unilaterally the legislative policy of § 51-183c to the arbitration process.

C

The Propriety of the Court's
Discretionary Rulings

The board contends that even if a trial court ordinarily has discretion to remand a defective award for further consideration before the original arbitrator or a new arbitrator, under the circumstances of this case, the court's choice of the original arbitrator was an abuse of its discretion. "Our review of the trial court's exercise of its discretion is limited to questions of whether the court correctly applied the law and could reasonably have concluded as it did. . . . Every reasonable presumption will be given in favor of the trial court's ruling. . . . It is only when an abuse of discretion is manifest or where an injustice appears to have been done that a reversal will result from the trial court's exercise of discretion." (Internal quotation marks omitted.) *State* v. *Relliford*, 63 Conn. App. 442, 447–48, 775 A.2d 351 (2001); *State* v. *Lucci*, 25 Conn. App. 334, 341–42, 595 A.2d 361, cert. denied, 220 Conn. 913, 597 A.2d 336 (1991). Absent a showing of corruption, impartiality or bias on the part of the arbitrator, "remanding to the original panel is an appropriate decision, does not constitute an abuse of discretion, and will save the time

and expense of submitting the matter to a new panel."
*Buffalo Police Benevolent Assn.* v. *Buffalo*, 82 App. Div.
2d 635, 640, 443 N.Y.S.2d 107 (1981). We disagree with
the board's claim that the court's order would unjustly
operate to the prejudice of the board. We conclude,
therefore, that the court did not abuse its discretion in
ordering a remand hearing to be held before the original
arbitrator.

## D

### Evidentiary Scope of the Remand

Having concluded that the trial court has discretion
to remand the matter to either the original or a new
arbitrator, we must now determine whether the court
improperly left to the arbitrator's discretion the deter-
mination of whether to hear new evidence during the
rehearing. In this respect, the court stated: "[I]t may be
that this arbitrator . . . decides that there is a neces-
sity for substantial new submissions or rehearing.
That's up to her." The board asserts that when a court
remands a matter pursuant to § 52-418 (b), the arbitrator
must conduct a de novo hearing. We disagree.

The board's argument finds no support either in the
language of § 52-418 (b) or in generally accepted princi-
ples governing consensual arbitrations. A reading of the
text of the statute discloses no language requiring a
de novo hearing on remand. Under the law governing
arbitration, "arbitrators are accorded substantial dis-
cretion in determining the admissibility of evidence,
particularly in the case of an unrestricted submission,
which relieve[s] the arbitrators of the obligation to fol-
low strict rules of law and evidence in reaching their
decision. . . . Indeed, it is within the broad discretion
of arbitrators to decide whether additional evidence
is required or would merely prolong the proceedings
unnecessarily." (Citations omitted; internal quotation
marks omitted.) *O & G/O'Connell Joint Venture* v.

*Chase Family Ltd. Partnership No. 3*, 203 Conn. 133, 148–49, 523 A.2d 1271 (1987).

We are persuaded that, in this case, the court had discretion to invoke the arbitrator's broad discretion to determine whether additional evidence is required. That arbitral discretion is as applicable to proceedings on remand as it is to the original round of arbitral proceedings.[21] See, e.g., *Mid-American Elevator Co.* v. *Gemco Elevator Co.*, 189 Ga. App. 143, 145, 375 S.E.2d 275 (1988); *Teamsters Union Local No. 115* v. *DeSoto, Inc.*, 725 F.2d 931, 941 (3d Cir. 1984). Upon remand, the arbitrator may receive "evidence, if any, [a]s the arbitrator may deem appropriate in the circumstances, and the making of such [a]ward as he deems proper." *Harvey Aluminum* v. *United Steelworkers of America*, 263 F. Sup. 488, 495 (D. Cal. 1967).

A review of the legislative history of the 1997 amendment to § 52-418 supports this conclusion. In the only relevant statement of record, Representative Christopher G. Donovan responded to a question regarding an arbitrator's authority to receive new evidence on remand by stating that "it will be a new arbitration so as with any hearing, evidence can be brought forward to the arbitrator . . . ." 40 H.R. Proc., Pt. 11, 1997 Sess., p. 4137.

Accordingly, we conclude that the court did not abuse its discretion in refusing to impose evidentiary constraints on the arbitral rehearing. Arbitration is "intended to avoid the formalities, delay, expense and vexation of ordinary litigation." *Bridgeport* v. *Bridgeport Police Local 1159*, supra, 183 Conn. 107. Requiring a de novo hearing on every remand, including the one in the present case, would increase the delay and

---

[21] Because of the nature of the arbitrator's inquiry, it might even be argued that the court might not have had discretion to rule to the contrary. That issue, however, need not be decided in this case.

expense of the arbitration process by allowing the parties to present evidence concerning issues already fully argued before the arbitrator. This we are unwilling to do.

We conclude, therefore, that the court's order of remand was proper in every respect. In the absence of misfeasance in the issuance of the original arbitrator's award, it was entirely appropriate to authorize the arbitrator to decide whether the parties may submit additional evidence during the rehearing.

## V

## CONCLUSION

Under the circumstances of the present case, the court's order of remand must be affirmed. Because the original arbitrator has not been alleged to have acted corruptly or with partiality or bias, the court had the right to exercise its discretion to direct the remand to the original arbitrator. Because the remand is likely to require no more than an amendment to render a mutual, final and definite award, the court had the right to refer evidentiary rulings at the rehearing to the discretion of the original arbitrator.

The judgment is affirmed.

In this opinion the other judges concurred.