[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
CT Page 9540
This case concerns a funeral service contract. Betty Forshaw, the plaintiff,[1] has alleged negligence, recklessness, intentional infliction of emotional distress, fraud, breach of contract and violation of the Connecticut Unfair Trade Practices Act against the defendants, S.C.I. Connecticut Funeral Services, Inc. and Church and Allen Funeral Services, Inc. The defendants have come before the court on a motion to stay proceedings pending arbitration, pursuant to their funeral services contract.
The complaint alleges that the defendants' agents made a contract with the plaintiff for the burial of her deceased husband, Frederick Forshaw. The plaintiff informed the defendants that her husband was not to be embalmed, that she wanted certain clothing put on her husband, that no makeup was to be applied to his face and that she wanted a closed casket funeral.
On January 28, 1999, the defendants conducted a funeral service. In that service, the defendants allegedly embalmed Frederick Forshaw's body, put the decedent in clothing other than the specified clothes and showed the decedent at the wrong service.
On January 29, 1999, the defendants held the correct funeral service for the plaintiff. After the service, while waiting for the motor procession, the defendants' employees informed the plaintiff and her three children that they had shown the decedent's body at the wrong funeral service the day before.
On June 9, 2000, the plaintiff filed suit against the defendants. The defendants filed a motion to stay pending arbitration (motion to stay) on August 8, 2001. On April 15, 2002, the court took evidence on the motion.
 DISCUSSION
The motion to stay requests that the court stay proceedings because the funeral services contract, signed by the plaintiff, provides that "any controversy or claim arising between the parties" would be submitted to arbitration. In objection to this motion, the plaintiff claims that the contract is procedurally and substantively unconscionable.
The defendants' motion is brought pursuant to General Statutes §52-409.[2] "Under § 52-409, when an action is brought in the trial court by a party to a written agreement that includes provisions for arbitration, and the trial court is satisfied that an issue involved in the action is arbitrable, the court, on motion of any party to the CT Page 9541 agreement, shall stay the action until arbitration has been had in compliance with the agreement. . . . As a condition precedent to the issuance of a stay order by the trial court, the moving party must be ready and willing to proceed with arbitration. The authority of the court to stay a pending action under § 52-409 thus provides an incentive to participate to the party reluctant to engage in arbitration. On the other hand, the trial court's denial of a § 52-409 motion leaves the parties where the court found them, requiring them to proceed with the pending litigation." (Citation omitted.) Success Centers, Inc. v.Huntington Learning Centers, Inc., 223 Conn. 761, 767-68, 613 A.2d 1320
(1992). The court also is mindful of the strong policies underlying arbitration agreements. "[T]he law in this state takes a strongly affirmative view of consensual arbitration. . . . Early in our judicial history we expressed the view that, since arbitration is designed to prevent litigation, it commands much favor from the law. . . . We have recognized the public policy favoring arbitration which is intended to avoid the formalities, delay, expense and vexation of ordinary litigation." (Citations omitted; internal quotation marks omitted.) Boardof Education v. East Haven Education Assn., 66 Conn. App. 202, 207,784 A.2d 958 (2001).
The plaintiff objects to the motion to stay, arguing that the contract is. procedurally and substantively unconscionable and, thus, is unenforceable.[3] "The classic definition of an unconscionable contract is one which no man in his senses, not under delusion, would make, on the one hand, and which no fair and honest man would accept, on the other. . . . In practice, we have come to divide this definition into two aspects of unconscionability, one procedural and the other substantive, the first intended to prevent unfair surprise and the other intended to prevent oppression." (Citation omitted; internal quotation marks omitted.) Smithv. Mitsubishi Motors Credit of America, Inc., 247 Conn. 342, 349,721 A.2d 1187 (1998). The plaintiff contends that the contract in the present case is unconscionable procedurally and substantively. "Unconscionability is a question of law to be determined by the court in light of all the facts and circumstances of the case. . . ." Edart TruckRental Corp. v. B. Swirsky Co., 23 Conn. App. 137, 142, 579 A.2d 133
(1990).
 I
The plaintiff claims that because the defendants' agents failed to explain the contents of the contract to her before she signed it, the agreement is procedurally unconscionable. The court holds, however, that the plaintiffs argument must fail.
Our Supreme Court has clearly held that "procedural unconscionability CT Page 9542 cannot be predicated solely on the failure by a commercial party proffering a form contract to an individual party to direct the individual's attention to specific terms of a contractual agreement."Smith v. Mitsubishi Motors Credit of America, Inc., supra, 247 Conn. 352. Moreover "our Supreme Court held that [the offeror's] use of a form contract did not, per se, impose on the [offeror] a sua sponte duty to direct the attention of any potential individual [offeree] to important clauses contained in the [contract]." (Internal quotation marks omitted.)Platcow v. Yasuda Fire Marine Ins. Co. of America, 59 Conn. App. 47,60, 755 A.2d 356 (2000) (discussing Smith v. Mitsubishi Motors Credit ofAmerica, Inc., supra, 247 Conn. 351).
Given this authority, it is of no moment that the defendants' agents did not explain the contract to the plaintiff. The court cannot find that this fact makes the contract at issue procedurally unconscionable.
 II
The plaintiff also claims that the contract is substantively unconscionable. She first contends that the terms and conditions are on the back page of the contract while the signature is placed upon the first page and that this arrangement makes the contract unconscionable. Her second contention is that the language in the contract is "complex and over burdened with legal language." In contradiction to this point, she argues that she had no opportunity to read the contract. For the following reasons, the court finds that the contract was not substantively unconscionable.
 A
The plaintiff attacks the layout and the language of the contract. As to the layout, the court finds that the fact that the arbitration clause is on a different page than the signature page does not make the contract unconscionable.
The contract above the signature line states, in bold print and all capital letters, that the signor should "SEE OTHER SIDE FOR THE TERMS ANDCONDITIONS OF THIS AGREEMENT, INCLUDING DISCLAIMER OF WARRANTIES ANDLIMITATIONS OF REMEDIES, THAT ARE PART OF THIS AGREEMENT. DO NOT SIGNTHIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES." Moreover, one line down, again in bold type and all capital letters, the contract provides: "NOTICE: BY SIGNING THIS AGREEMENT, YOU ARE AGREEINGTO HAVE ANY AND ALL DISPUTES BETWEEN YOU AND THE SELLER RESOLVED BYARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A COURT OR JURY TRIAL ASWELL AS YOUR RIGHT TO APPEAL." Placing this language near the signature line would cure any defect as to form. Because the warnings of the CT Page 9543 contract's contents were placed near the signature line, the court finds that the arrangement of the terms do not make the contract oppressive.
 B
The plaintiff also argues that the language of the terms and conditions are unconscionable. "[T]he interpretation of the contract is a matter of law. . . ." Maloney v. PCRE, LLC, 68 Conn. App. 727, 734, 793 A.2d 1118
(2002).
The contract, in the terms and conditions section, is in bold type and all capital letters. The clause provides that "ANY CONTROVERSY OR CLAIMARISING BETWEEN THE PARTIES (INCLUDING INTERPRETATION OF THE ARBITRATIONCLAUSE) SHALL BE SUBMITTED TO AND FINALLY RESOLVED BY MANDATORY ANDBINDING ARBITRATION. . . . THIS ARBITRATION PROVISION SHALL BE BINDING ONTHE SELLER, YOU AS THE PURCHASER, AND ANY OTHER PERSON WHO CLAIMS TO BE ATHIRD PARTY BENEFICIARY OF THIS AGREEMENT." The court finds this language to be clear and not burdensome.
Moreover, the language above the signature line makes clear that the signor will be forfeiting her right to a jury trial and appeal. It is difficult to imagine a clause that could more clearly inform a signatory of the consequences of agreeing to arbitration. Accordingly, the court finds that the terms of the contract are not substantively unconscionable.
 C
The plaintiff argues that because she did not have an opportunity to read the contract, it is substantively unconscionable. The court finds that this is not a proper ground for substantive unconscionability because the argument does not go to the content of the contract but, rather, to whether the plaintiff was surprised.
Moreover, "[t]he general rule is that where a person [who is] of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that person's] duty to read it and notice of its contents will be imputed to [that person] if [that person] negligently fails to do so." (Internal quotation marks omitted.) Phoenix Leasing. Inc. v. Kosinski, 47 Conn. App. 650, 654,707 A.2d 314 (1998). Given this rule and the fact that the plaintiff has not presented any fraud or artifice, the court will not use this ground to find that the contract is substantively unconscionable.
 CONCLUSION
CT Page 9544
For the reasons stated herein, the court grants the motion to stay pending arbitration.
D. Michael Hurley, Judge Trial Referee