AFSCME, COUNCIL 4, LOCAL 3144 *v.*
CITY OF NEW HAVEN
(AC 23347)

Foti, Bishop and West, Js.

Argued December 9, 2003—officially released February 17, 2004

*J. William Gagne, Jr.*, with whom, on the brief, was *P. Jo Anne Burgh*, for the appellant (plaintiff).

*Thomas W. Ude, Jr.*, corporation counsel, with whom, on the brief, was *Donna Chance Dowdie*, assistant corporation counsel, for the appellee (defendant).

### Opinion

BISHOP, J. This is an appeal brought by the plaintiff labor union, AFSCME, Council 4, Local 3144, on behalf of a municipal employee who was discharged from his employment after it was discovered that he had stated falsely on his employment application that he had never been convicted of a criminal offense. The question presented on appeal is whether the arbitration panel acted in violation of its statutory duties when it refused to authorize the issuance of a subpoena for the personnel

records of municipal police officers who, the plaintiff claimed, had made false statements in the course of their employment, but had received disparate treatment from the defendant city of New Haven. Because we believe the arbitration panel acted within the scope of its authority, we affirm the judgment of the trial court confirming the arbitration award.

The following facts and procedural history are germane to our discussion of the issue on appeal. In 1994, Nicholas Onofrio was hired by the defendant as a housing code inspector. Subsequently, in 1999, he was promoted to the position of senior code enforcement officer. In his initial employment application and in conjunction with his subsequent promotion, Onofrio answered "no" to a question as to whether he had been convicted of any crime. Additionally, as part of completing his application in 1999, he asserted that "all statements made on or in connection with this application are true, complete and correct to the best of my knowledge and belief, and are made in good faith. I authorize the City of New Haven to obtain necessary information and records regarding convictions specified in number 6 of this application. I understand that incomplete, false or inaccurate information may result in the rejection of this application or my dismissal if employed." Soon after, Onofrio was promoted and, during an interview with his supervisor, admitted to convictions for gambling and income tax evasion. In June, 1999, Onofrio's employment was terminated on the ground that he had provided "incomplete, false or inaccurate information on an application for employment and/or promotion with the City of New Haven." Subsequently, the plaintiff filed a grievance with the state board of mediation and arbitration challenging Onofrio's discharge. The question presented to the arbitration panel was whether Onofrio had been discharged for just cause and, if not, what the remedy should be.

In preparation for the arbitration hearing, the plaintiff issued a subpoena to the defendant's chief of police, seeking documentation relating to allegations of mis-

conduct by certain named police officers and the investigation of those allegations by the police department. The plaintiff sought the information in an effort to demonstrate disparate treatment by the defendant of its employees. Specifically, the plaintiff sought to prove that police officers who had lied about certain misconduct had not been discharged, although Onofrio had been discharged for the same behavior, lying. In turn, the defendant filed a motion to quash the subpoena, alleging that the response of the police department to allegations of misconduct against police officers was not relevant to the action taken in this case. After a hearing, the arbitration board quashed the subpoena, agreeing, in essence, with the defendant's argument. Following a hearing on the case-in-chief, the arbitration panel ruled that Onofrio had been discharged for cause.

Subsequently, the defendant filed a motion to confirm the arbitration award in court after the plaintiff had filed an application to vacate the award. In its application to vacate the award, the plaintiff claimed, inter alia, that the arbitrators had exceeded their powers or so imperfectly executed them such that a mutual, final and definite award on the subject matter was not made, that the arbitrators were guilty of misconduct by which the rights of the plaintiff were prejudiced and that the award violated public policy.

After a hearing, the court issued a memorandum of decision confirming the award. In its decision, the court noted that the plaintiff, in its brief, had abandoned all claims except its assertion that the arbitration panel had deprived the plaintiff of a full and fair hearing by wrongfully excluding from the arbitration hearing evidence of disparate treatment relating to the defendant's response to the alleged misconduct of certain police officers. This appeal followed.

Before we address the issue at hand, we repeat the often stated proposition that arbitration is a preferred

vehicle for the resolution of private disputes. See, e.g., *Board of Education* v. *East Haven Education Assn.*, 66 Conn. App. 202, 207, 784 A.2d 958 (2001). Accordingly, the scope of our review of arbitration awards is "narrowly confined." *Stratford* v. *International Assn. of Firefighters, AFL-CIO, Local 998*, 248 Conn. 108, 114, 728 A.2d 1063 (1999). As a consequence, "[c]ourts will not review the evidence, nor where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Internal quotation marks omitted.) *Caldor, Inc.* v. *Thornton*, 191 Conn. 336, 340–41, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S. Ct. 2914, 86 L. Ed. 2d 557 (1985).

Although the latitude given to arbitrators is wide, it is not boundless. Our statutory scheme for confirming and vacating arbitration awards provides in relevant part that an award may be vacated "if the arbitrators have been guilty of misconduct in refusing to hear . . . evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced . . . ." General Statutes § 52-418 (a) (3). The application of that provision does not result in the vacation of an award merely because an arbitration panel may have made incorrect evidentiary rulings. To the contrary, "a party challenging an arbitration award on the ground that the arbitrator refused to receive material evidence must prove that, by virtue of an evidentiary ruling, he was in fact deprived of a full and fair hearing before the arbitration panel." (Internal quotation marks omitted.) *Saturn Construction Co.* v. *Premier Roofing Co.*, 238 Conn. 293, 299, 680 A.2d 1274 (1996).

In argument before the court in support of the plaintiff's application to vacate the arbitration award, the sole issue presented by the plaintiff was that the refusal by the arbitration panel to hear evidence of treatment by the defendant's police department of officers who

allegedly had been guilty of falsehoods effectively denied the plaintiff a full and fair hearing because the issue of disparate treatment was the only claim the plaintiff had made in conjunction with its claim before the arbitration panel that Onofrio had not been discharged for just cause. In essence, the plaintiff sought to introduce evidence at the arbitration hearing that police officers who had been guilty of falsehoods had not been discharged similarly in an effort to persuade the arbitration panel that the disparate treatment of Onofrio by the same employer, the defendant, demonstrated that Onofrio had not, in fact, been discharged for just cause.

On review of the arbitration panel's determination, the court determined that the exclusion of that evidence did not deprive the plaintiff of a full and fair hearing. We agree. As noted by both the court and the arbitration panel, although Onofrio and the police officers all were employed by the defendant, they were in different bargaining units and had different responsibilities. Additionally, the plaintiff proffered no evidence before the arbitration panel that any of the police officers had lied about having a criminal record in any of their employment applications. Finally, the record is devoid of any indication that any of the subject police officers had ever represented, as did Onofrio, that their answers to a question concerning criminal convictions were full and complete. Therefore, the court's assessment of the evidentiary ruling by the arbitration panel was logically and legally correct.

The judgment is affirmed.

In this opinion the other judges concurred.