******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

CITY OF TORRINGTON *v.* COUNCIL 4, AFSCME,
AFL-CIO, LOCAL 442, ET AL.
(AC 46927)

Alvord, Westbrook and Prescott, Js.

*Syllabus*

Pursuant to part I of chapter 909 of the General Statutes, the Revised Uniform
Arbitration Act (§§ 52-407aa through 52-407eee) governs arbitration
agreements made on or after October 1, 2018, subject to certain excep-
tions.

Pursuant further to part II of chapter 909 of the General Statutes, titled
"Other Arbitration Proceedings," the provisions of other statutes (§§ 52-
408 through 52-424) govern arbitration agreements made before October
1, 2018.

The plaintiff city sought to vacate an arbitration award in favor of the
defendants, P, a former police sergeant who was employed by the city,
and a union, of which P was a member, arising from the termination
of P's employment for allegedly violating the city's excessive force policy
and related federal law. Pursuant to a municipal collective bargaining
agreement, executed in 2020, the union submitted a grievance regarding
P's employment termination to the state arbitration board. After a hear-
ing, a three member panel of the board concluded that P's employment
had not been terminated for just cause and that he should be reinstated
with full back pay. The city filed in the Superior Court an application
to vacate the arbitration award pursuant to the applicable statutes (§§ 52-
418 and 52-420), claiming, inter alia, that the arbitration panel exceeded
its powers and misapplied the law. The defendants filed a combined
objection and application to confirm the arbitration award. The Superior
Court vacated the arbitration panel's award and remanded the matter
to the arbitration board for a new hearing on the merits of the grievance,
from which the defendants appealed to this court. The city filed a motion
to dismiss the appeal for lack of subject matter jurisdiction on the
ground that the judgment of the Superior Court did not constitute a
final judgment. The city, in relying on the statute (§ 52-407bbb (a) (5))
in part I of chapter 909 that provides that an appeal may be taken from
an order vacating an award without directing a rehearing, claimed that,
because the Superior Court expressly directed a rehearing, the defen-
dants did not appeal from a final judgment. The defendants objected,
claiming that, because they had filed a combined opposition and applica-
tion to confirm the award, specific statutes (§§ 52-423 and 52-407bbb
(a) (3)) provided them with the statutory basis to appeal from an order
denying the confirmation of an award. *Held* that this court denied the
plaintiff's motion to dismiss the defendants' appeal for lack of a final
judgment: because this appeal arose in the context of a municipal collec-
tive bargaining agreement and is governed by various provisions (§ 7-
467 et seq.) of chapter 113 of the General Statutes, one of the exceptions
in part I of chapter 909 was applicable, specifically, the exception in
the statute (§ 52-407cc) that provides that a proceeding under chapter
113 shall be subject to part II of chapter 909, regardless of the date the
agreement was executed, and, under § 52-423, found in part II of chapter
909, and under *Board of Education* v. *East Haven Education Assn.* (66
Conn. App. 202), the defendants had a right to appeal from orders
related to the judicial enforcement of arbitration awards and specifically
provides a right of appeal from an order vacating an arbitration award.

Considered December 13, 2023—officially released March 19, 2024

*Procedural History*

Application to vacate an arbitration award, brought
to the Superior Court in the judicial district of Litchfield
at Torrington, where the defendants filed a combined
objection and application to confirm the award; there-
after, the court, *Lynch, J.*, rendered judgment granting

the plaintiff's application to vacate the arbitration award, denied the defendants' application to confirm the award, and ordered the matter remanded to the arbitration board for a new hearing; subsequently, the court denied in part the defendants' motion for reconsideration, and the defendants appealed to this court; thereafter, the plaintiff filed a motion to dismiss the appeal. *Motion to dismiss appeal denied.*

*Megan L. Nielsen* and *Michael J. Rose*, in support of the motion.

*Mario Cerame*, in opposition to the motion.

*Joshua Perry*, solicitor general, and *William Tong*, attorney general, filed a brief for the State Board of Mediation and Arbitration as amicus curiae.

*Opinion*

PRESCOTT, J. This appeal presents a matter of first impression: whether a judgment of the Superior Court vacating an arbitration award and remanding the matter for a new arbitration hearing is a final judgment for purposes of an appeal pursuant to applicable statutes governing arbitration proceedings and municipal collective bargaining. We conclude that the defendants, Gerald Peters (Peters) and Council 4, AFSCME, AFL-CIO, Local 442 (union), have appealed from a final judgment in this case and, accordingly, deny the motion to dismiss the appeal filed by the plaintiff, the city of Torrington (city).[1]

The following facts and procedural history are relevant to our resolution of the city's motion to dismiss this appeal. Having been employed by the city since 2001, Peters served as a sergeant in its police department and was a member of the union. On May 11, 2021, the city terminated Peters' employment because the city concluded that he had violated its excessive force policy and related federal law.

Prior to the termination of Peters' employment, the city and the union entered into a collective bargaining agreement to which Peters was a third-party beneficiary. The agreement was effective from July 1, 2020, through June 30, 2023, and was operative at the time of Peters' discharge. The agreement established a grievance procedure that permitted the union or its members to challenge adverse employment actions taken by the city. The grievance procedure involved a multistep administrative process that allowed the union to submit a grievance to one or more arbitrators of the Connecticut State Board of Mediation and Arbitration (board) for a binding decision. Additionally, the agreement provided that an employee's termination from employment with the city was permitted only for "just cause."

The union submitted a grievance regarding the termination of Peters' employment to a three member panel of the board in 2022. On February 24, 2023, after a lengthy hearing, the panel issued a decision in which it concluded that Peters' employment had not been terminated for "just cause" and that he should be reinstated "with full back pay."

On March 22, 2023, pursuant to General Statutes §§ 52-418 and 52-420 and Practice Book § 23-1, the city filed in the Superior Court an application to vacate the arbitration award. The city asserted that it was entitled to have the award vacated because (1) the arbitrators exceeded their powers and misapplied the law, (2) the arbitration award violated public policy, and (3) the arbitrators improperly utilized a subjective standard for assessing the propriety of Peters' use of force. The city also requested an order staying the enforcement of the award.

On April 20, 2023, the defendants filed a combined objection and application to confirm the arbitration award. They argued that the city failed to satisfy any one of the four enumerated grounds required to vacate an award as provided in § 52-418 (a)[2] and that the award should be confirmed.

On July 18, 2023, the court issued its memorandum of decision in favor of the city, vacating the panel's award and ordering that the matter be remanded to the board for a new hearing on the merits of the grievance. The court concluded that the panel improperly applied a subjective standard rather than an objective standard to assess whether Peters' use of force was reasonable and thus exceeded its authority under § 52-418 (a) (4). The court also concluded that reinstating him to his position as a police officer would violate public policy if his use of force was objectively unreasonable.

On August 28, 2023, the defendants timely filed a motion for reconsideration of the court's judgment or, in the alternative, for clarification of it. On September 7, 2023, the city filed an objection to the defendants' motion for reconsideration or clarification. In their filings, the parties agreed that the Superior Court should clarify whether the arbitration on remand must be conducted by a new panel of arbitrators.

On September 18, 2023, the Superior Court, *Lynch, J.*, denied in part and granted in part the defendants' motion for reconsideration. It clarified that "the court does not vacate that part of its decision finding that the panel exceeded its authority." Rather, the court "exercise[d] its discretion" to clarify that the arbitration should be conducted by "a new panel" of arbitrators.

The defendants timely filed this appeal on September 19, 2023.[3] On September 21, 2023, the city filed a motion to dismiss this appeal for lack of subject matter jurisdiction because, in its view, the judgment did not constitute a final judgment for purposes of an appeal. On October 2, 2023, the defendants filed their opposition.

On November 17, 2023, the board, through the Office of the Attorney General, filed an application for permission to appear as amicus curiae and to file a brief addressing the city's motion to dismiss. This court granted the application and limited the amicus brief to the issue of appellate jurisdiction. The order also permitted the parties to file supplemental memoranda in response to the board's brief.

On November 27, 2023, the board filed its amicus curiae brief in which it argues that the Superior Court's judgment vacating the award and remanding the matter for a new arbitration hearing constituted a final judgment from which an appeal could be immediately taken. Neither the defendants nor the city filed responsive memoranda, although the city subsequently did file a notice of supplemental authority.[4]

We begin our analysis by recognizing that "[t]he lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . . We commence the discussion of our appellate jurisdiction by recognizing that there is no constitutional right to an appeal. . . . Article fifth, § 1, of the Connecticut constitution provides for a Supreme Court, a Superior Court and such lower courts as the [G]eneral [A]ssembly shall . . . ordain and establish, and that [t]he powers and jurisdiction of these courts *shall be defined by law*. . . . To consider the . . . claims [raised in the motion to dismiss], we must apply the law governing our appellate jurisdiction, which is statutory. . . . The legislature has enacted . . . [General Statutes] § 52-263, which limits the right of appeal to those appeals filed by aggrieved parties on issues of law from final judgments. Unless a specific right to appeal otherwise has been provided by statute, we must always determine the threshold question of whether the appeal is taken from a final judgment before considering the merits of the claim . . . . Further, we have recognized that limiting appeals to final judgments serves the important public policy of minimizing interference with and delay in the resolution of trial court proceedings. . . .

"Thus, [a]s a general rule, an interlocutory ruling may not be appealed pending the final disposition of a case. . . . In determining whether a judgment or a ruling is an immediately appealable final judgment, courts have routinely looked to a statute's text to see if the legislature has provided an express right to appeal. . . . In those instances [in which] the legislature has not provided such an express right, our courts then continue to consider whether the right at issue implicates one of the two prongs set forth in *State* v. *Curcio*, [191 Conn. 27, 31, 463 A.2d 566 (1983)]." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Smith* v. *Supple*, 346 Conn. 928, 936–38, 293 A.3d 851 (2023).

Accordingly, we turn first to chapter 909 of the General Statutes, which pertains to "Arbitration Proceedings." It contains two parts that control alternatively under certain circumstances: part I, also referred to as the Revised Uniform Arbitration Act, which consists of General Statutes §§ 52-407aa through 52-407eee; and part II, titled "Other Arbitration Provisions," which consists of General Statutes §§ 52-408 through 52-424. See generally *DiTullio* v. *LM General Ins. Co.*, 210 Conn. App. 347, 350 n.2, 270 A.3d 99 (2022) (parts I and II apply alternatively). The General Assembly enacted part I in 2018 to govern arbitration agreements made on or after October 1, 2018, subject to certain exceptions. See General Statutes §§ 52-407cc and 52-407eee.[5]

The parties and amicus curiae disagree as to the

controlling sections of chapter 909. The city argues that "[t]here is no statutory right to bring an appeal on an order vacating an arbitration decision when the court has *expressly* directed . . . a hearing." (Emphasis in original.) It relies on General Statutes § 52-407bbb (a) (5), which provides that an appeal may be taken from "an order vacating an award *without directing a rehearing* . . . ." (Emphasis in original.) Because the court in the present case expressly directed a rehearing, the city maintains that this court does not have jurisdiction over the appeal because the defendants did not appeal from a final judgment.

The defendants argue that the court's order vacating the board's arbitration award is appealable under General Statutes § 52-423, which provides that "[a]n appeal may be taken from an order . . . vacating . . . an award . . . as in ordinary civil actions." The defendants additionally rely on § 52-407bbb (a) (3), which provides that "[a]n appeal may be taken from . . . *an order confirming or denying confirmation of an award* . . . ." (Emphasis added.) Because they filed a combined opposition and application to confirm the award, to the extent that the court implicitly denied their application to confirm the award, the defendants contend that "§ 52-407bbb (a) (3) provides a specific statutory basis to appeal [from] an order denying confirmation of an award."

The board argues in its amicus brief that both parties misapprehend the law, in part, by invoking § 52-407bbb. The agreement in the present case was executed in 2020. The board argues that, although § 52-407bbb and part I of chapter 909 generally apply to arbitration agreements made on or after October 1, 2018, one of the exceptions in § 52-407cc causes part II of chapter 909 to control instead of part I. According to the board, under § 52-407cc, "the General Assembly carved out an exception for municipal employee contract grievances" and, therefore, the "arbitration proceedings are controlled by the older rules in part II of chapter 909. "As such, it argues that the disposition of this motion "is controlled by § 52-423 . . . ."

We agree with the board that one of the exceptions in § 52-407cc of part I applies, despite part II ordinarily controlling only agreements executed prior to October 1, 2018. Section 52-407cc provides that, if an agreement is concurrently "governed by chapter . . . 113," it "shall be subject to part II of this chapter" regardless of execution date.[6]

Chapter 113, consisting of General Statutes § 7-467 et seq., includes the Connecticut Municipal Employee Relations Act (MERA). MERA applies to any "municipal employer," which is defined as including "any political subdivision of the state, including any . . . city"; General Statutes § 7-467 (1); and extends collective bargaining rights to municipal employees. See generally

*Winchester* v. *State Board of Labor Relations*, 175 Conn. 349, 354–55, 402 A.2d 332 (1978) (discussing provenance of MERA and how it governs municipal employees' rights to organize and bargain collectively).

Section 52-423, which is found in part II of chapter 909, "expressly confers on parties the right to appeal from orders related to the judicial enforcement of arbitration awards . . . ." *Blondeau* v. *Baltierra*, 337 Conn. 127, 135, 252 A.3d 317 (2021). Specifically, § 52-423 "provides a statutory right of appeal from an order vacating an arbitration award . . . ." Id.; see General Statutes § 52-423.

In *Board of Education* v. *East Haven Education Assn.*, 66 Conn. App. 202, 784 A.2d 958 (2001), this court concluded that an appeal from an order vacating an arbitration award and remanding the matter for a rehearing on the merits is an appealable final judgment under § 52-423. Id., 208–209. This court observed that "§ 52-423 has been recognized as the authoritative source of law concerning appellate jurisdiction to consider the merits of arbitration appeals . . . [including] a judicial decree ordering a remand for further arbitral proceedings." (Citations omitted.) Id., 209.

Similarly, in the present case, the Superior Court vacated the arbitration award and remanded the matter for a rehearing before a new panel of the board. As such, § 52-423 provides the defendants a statutory right to appeal because "[a]n appeal may be taken from an order . . . vacating . . . an award" and remanding the matter for a new hearing.[7] Accordingly, we conclude that the defendants' appeal from the Superior Court's order vacating the award and remanding the matter for a new hearing was taken from a final judgment.[8] Because this appeal arises in the context of a municipal collective bargaining agreement, the Superior Court's order vacating the arbitration award and remanding the matter for a rehearing is an appealable final judgment under §§ 52-407cc and 52-423 and *Board of Education* v. *East Haven Education Assn.*, supra, 66 Conn. App. 208–209.

The motion to dismiss is denied.

In this opinion the other judges concurred.

[1] On December 13, 2023, this court denied the city's motion to dismiss the appeal and indicated that an opinion would follow. This opinion explains our reasons for that determination.

[2] General Statutes § 52-418 (a) provides in relevant part that, "[u]pon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

[3] On July 21, 2023, the defendants filed a motion for extension of time to file an appeal, which the Superior Court granted. The order extended the

time to appeal to Monday, August 27, 2023. See Practice Book §§ 63-1 and 66-1. The motion for reconsideration was therefore filed within the appeal period. See Practice Book § 63-1 (c) (1).

[4] In its notice, the city acknowledged that this court's decision in *Board of Education* v. *East Haven Education Assn.*, 66 Conn. App. 202, 784 A.2d 958 (2001), is adverse to its claim but argues that it was wrongly decided.

[5] General Statutes § 52-407cc provides: "Sections 52-407aa to 52-407eee, inclusive, govern an agreement to arbitrate made on or after October 1, 2018, except that any proceeding that is governed by chapter 48, 68, 113, 166 or 743b, or any other provision of the general statutes, related to an agreement to arbitrate that was made prior to, on or after October 1, 2018, shall be subject to part II of this chapter, unless:

"(1) (A) All the parties to the proceeding agree in a record to be governed by sections 52-407aa to 52-407eee, inclusive, and (B) the agreement under subparagraph (A) of this subdivision is permitted by a law of this state other than sections 52-407aa to 52-407eee, inclusive; or

"(2) The proceeding is governed by sections 52-407aa to 52-407eee, inclusive, pursuant to a law of this state other than sections 52-407aa to 52-407eee, inclusive."

General Statutes § 52-407eee provides: "The provisions of sections 52-407aa to 52-407ddd, inclusive, do not affect an action or proceeding commenced or right accrued before October 1, 2018. Subject to section 52-407cc, an arbitration agreement made before October 1, 2018, is governed by sections 52-408 to 52-424, inclusive."

[6] As noted in footnote 5 of this opinion, § 52-407cc includes two exceptions to this general rule. See General Statutes § 52-407cc (1) and (2) (regarding parties who agree to govern their proceedings by §§ 52-407aa through 52-407eee, among other conditions; or where proceedings are governed by §§ 52-407aa through 52-407eee, pursuant to state law other than §§ 52-407aa through 52-407eee). It is undisputed that neither exception applies in this case.

[7] Our analysis under § 52-423 and relevant case law, such as *Board of Education* v. *East Haven Education Assn.*, supra, 66 Conn. App. 208–209, is the same regardless of whether part II of chapter 909 applies in accordance with the general rule in § 52-407eee or if it applies by way of the exceptions in § 52-407cc.

[8] This conclusion obviates the need to analyze the parties' arguments regarding § 52-407bbb (a) (3) and (5) because that section is in part I of chapter 909, which does not apply here. Our conclusion also obviates the need to address the parties' arguments concerning whether the Superior Court's decision is immediately appealable under the second prong of *Curcio*. "*Curcio*'s common-law rule is superseded" by § 52-423 in cases in which the Superior Court has vacated an arbitration award and remanded for rehearing. *Board of Education* v. *East Haven Education Assn.*, supra, 66 Conn. App. 208–209.

_____